UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-10281-FDS |
| | ) |
| XAVIER NILES CHARLES, | ) |
|    a/k/a "Xavier Niles-Charles," | ) |
|           Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on November 17, 2020, the United States Attorney for the District of Massachusetts filed a one-count Information, charging Xavier Niles Charles (the "Defendant") with Receipt of a Firearm While Under Indictment, in violation of 18 U.S.C. § 922(n) (Count One);

WHEREAS, the Information also included a Firearm Forfeiture Allegation, pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any firearm or ammunition involved in or used in any knowing commission of the offense, and the property to be forfeited included, but was not limited to, a Glock, Model 42, .380 caliber pistol, bearing serial number ACEY863 (the "Firearm");

WHEREAS, on December 18, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant waived his right to being charged by Information, and agreed to plead guilty to Count One of the Information, pursuant to a written plea agreement that he signed on December 21, 2020;

WHEREAS, in Section 6 of the plea agreement, Defendant waived and released any claims he may have to any vehicles, currency, or other personal property seized by the United

States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and thereby implicitly consented to the forfeiture of the Firearm;

WHEREAS, in light of the Information, the Defendant's guilty plea and the plea agreement, the United States has established the requisite nexus between the Firearm and the offense to which the Defendant pled guilty, and accordingly, the Firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Firearm.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Firearm and the offense to which the Defendant plead guilty.

1. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

2. Accordingly, all of Defendant's interests in the Firearm are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Firearm and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30)

consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Firearm.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Firearm to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Firearm, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Firearm; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Firearm, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Firearm, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Firearm.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ F. Dennis Saylor, IV
F. DENNIS SAYLOR IV
Chief United States District Judge

Dated: 2/26/2021